UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY SCOTT GRADY,<br><br>Defendant. | No. 2:15-cr-00204-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jeffrey Scott Grady's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 203.) The Government filed an opposition. (ECF No. 206.) Defendant filed a reply. (ECF No. 210.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2018, Defendant pleaded guilty to three counts of an 18-count Indictment. (ECF No. 161.) Count One charged conspiracy to submit false claims in violation of 18 U.S.C. § 286. (ECF No. 1.) Counts Eight and Nine charged aggravated identity theft in violation of 18 U.S.C. § 1028A. (*Id.*) On April 4, 2019, this Court sentenced Defendant to a 30-month term of imprisonment followed by a 24-month term of supervised release. (ECF No. 172.) Defendant is currently serving his sentence at FCI Lompoc. He has served approximately 13 months of his 30-month sentence of imprisonment and his projected release date is January 23, 2021.

On June 22, 2020, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 203.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. Defendant is 36 years old and claims he is particularly vulnerable to COVID-19 because he previously tested positive for COVID-19, has a recent history of testicular cancer, and suffers from anxiety. (*Id.* at 4–5.) Defendant cites the conditions of his confinement at FCI Lompoc as an additional factor in his vulnerability. In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence. (ECF No. 206 at 8, 12.)

### II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

///

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on May 18, 2020. The warden denied Defendant's request on June 26, 2020. Because more than 30 days have elapsed since May 18, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The presentencing report indicates Defendant was diagnosed with testicular cancer in July 2015. Defendant underwent left testis mass orchiectomy (removal) in August 2015, and he underwent chemotherapy from January 2016 to March 2016. Defendant's doctors determined him to be in remission in March 2016, and Defendant's last whole-body scan in March 2018 showed normal results. Defendant claims — without providing any medical evidence — that as a result of his cancer and chemotherapy, he is immunocompromised and at a greater risk for serious illness or death resulting from COVID-19.

The Court is mindful that people with certain medical conditions, including immunocompromised individuals, can be more vulnerable to COVID-19. However, Defendant fails to persuade the Court that his alleged medical conditions qualify as "extraordinary and compelling" reasons for release within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Defendant fails to provide any evidence to indicate he is in fact immunocompromised

3

nor does he provide any evidence regarding the extent of his immunocompromised state. Further, at age 36, Defendant is not in the high-risk age group for COVID-19, and his medical records — filed under seal by the Government — do not reflect any other serious, underlying health conditions.

As to his conditions of confinement, Defendant has not shown he is unable to manage his health conditions and minimize his risks through self-care. To the contrary, it appears FCI Lompoc was capable of adequately monitoring and caring for Defendant when he was previously diagnosed with COVID-19. It is also encouraging that Defendant recovered without any documented complications. The Court acknowledges FCI Lompoc has had one of the worst COVID-19 outbreaks of any federal prison. But as of the date of this Order, the BOP reports zero active inmate cases of COVID-19 and 829 recovered inmates at FCI Lompoc. Based on the record before it, the Court cannot say that the past prevalence of the disease in this facility puts Defendant at great and particularized risk in light of his claimed health conditions.

For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

In sum, the Court DENIES Defendant's request for compassionate release because Defendant has not met his burden to show there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* U.S.S.G. § 1B1.13(2) (requiring a defendant to demonstrate that he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release).

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 203.)

IT IS SO ORDERED.

DATED: July 23, 2020

                    Troy L. Nunley
                    United States District Judge